IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANTHONY MICHAEL SMITH,           :
                                 :
          Plaintiff,             :
                                 :
     v.                          :      Civil Action No. 05-066-JJF
                                 :
DELAWARE DEPARTMENT OF           :
CORRECTION, DR. ROBERTA          :
BURNS, FIRST CORRECTIONAL        :
MEDICAL, WARDEN RICK KEARNEY,    :
and SUSSEX CORRECTIONAL          :
INSTITUTION,                     :
                                 :
          Defendants.            :

---

Anthony Michael Smith, Pro Se Plaintiff.

---

**MEMORANDUM OPINION**

November _14_, 2005
Wilmington, Delaware

**Farnan, District Judge.**

Plaintiff, Anthony Michael Smith, a <u>pro se</u> litigant, has filed this action pursuant to 42 U.S.C. § 1983.  For the reasons discussed, the Court will dismiss Plaintiff's claims against the Delaware Department of Correction and the Sussex Correctional Institution and Plaintiff's claims for breach of confidentiality. The Court will not dismiss Plaintiff's remaining claims for failure to provide adequate medical treatment, however, because they are not frivolous within the meaning of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**I. STANDARD OF REVIEW**

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two-step process.  First, the Court must determine whether the plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915.  In this case, the Court granted Plaintiff leave to proceed <u>in forma pauperis</u>, but because Plaintiff has no assets at this time, Plaintiff has not been assessed an initial partial filing fee.  Any money Plaintiff later receives, however, will be collected to pay a partial filing fee in the manner described in the Court's Order (D.I. 5).  Plaintiff filed the required form authorizing the payment of fees from his prison account.

Once Plaintiff's eligibility for pauper status has been determined, the Court must "screen" the Complaint to determine whether it is frivolous, malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a
defendant immune from such relief pursuant to 28 U.S.C. §§
1915(e)(2)(B) and 1915A(b)(1).[1]  If the Court finds Plaintiff's
Complaint falls under any one of the exclusions listed in the
statutes, then the Court must dismiss the Complaint.

When reviewing complaints pursuant to 28 U.S.C. §§
1915(e)(2)(B) and 1915A(b)(1), the Court must apply the standard
of review set forth in Fed. R. Civ. P. 12(b)(6).  See Neal v.
Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838
(E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as the
appropriate standard for dismissing claim under § 1915A).
Accordingly, the Court must "accept as true the factual
allegations in the complaint and all reasonable inferences that
can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir.
1996).  Pro se complaints are held to "less stringent standards
than formal pleadings drafted by lawyers and can only be
dismissed for failure to state a claim if it appears 'beyond
doubt that the plaintiff can prove no set of facts in support of

---

[1]These two statutes work in conjunction.  Section
1915(e)(2)(B) authorizes the court to dismiss an in forma
pauperis complaint at any time, if the court finds the complaint
is frivolous, malicious, fails to state a claim upon which relief
may be granted or seeks monetary relief from a defendant immune
from such relief.  Section 1915A(a) requires the court to screen
prisoner in forma pauperis complaints seeking redress from
governmental entities, officers, or employees before docketing,
if feasible, and to dismiss those complaints falling under the
categories listed in § 1915A(b)(1).

his claim which would entitle him to relief.'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that the term "frivolous" as used in Section 1915(e)(2)(B) "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).[2] Consequently, a claim is frivolous within the meaning of Section 1915 (e)(2)(B) if it "lacks an arguable basis either in law or in fact." <u>Id.</u>

## II. DISCUSSION

By his Complaint, Plaintiff alleges that Defendants have ignored repeated requests for medical attention for his knee. Plaintiff alleges that he has filed multiple medical grievances, appeared before the medical grievance board, and written letters to the Warden, which were forwarded to the medical staff. Plaintiff also alleges that Dr. Burns, First Correctional Medical, and Warden Kearney have breached confidentiality by disclosing medical information to others at the institution.  The Court liberally construes Plaintiff's Complaint as alleging

---

[2]<u>Neitzke</u> applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA).  Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under PLRA.  Therefore, cases addressing the meaning of frivolous under the prior section remain applicable.  <u>See</u> § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

breaches of confidentiality and the failure to provide adequate
medical treatment, thereby violating Plaintiff's Eighth Amendment
right to be free from cruel and unusual punishment.

A.   Whether Plaintiff's Claims Against The Delaware
     Department Of Correction and the Sussex Correctional
     Institution Are Barred By Sovereign Immunity Under The
     Eleventh Amendment

In order to establish a claim under Section 1983, a
plaintiff must show that (a) the conduct complained of was
committed by a person acting under color of state law, and (b)
the conduct deprived the plaintiff of a federally-secured right.
Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993). The Supreme
Court has held that neither a State nor its officials acting in
their official capacities are "persons" within the meaning of
Section 1983. Will v. Michigan Dep't of State Police, 491 U.S.
58, 62-71 (1989). Further, a state agency or other entity may be
considered an "alter ego" or an "arm of the state" such that it
is entitled to immunity under the Eleventh Amendment. Christy v.
Pennsylvania Turnpike Comm'n, 54 F.3d 1140, 1144 (3d Cir. 1995).
Cases have recognized that the Department of Correction and state
correctional institutions are arms of the State and not
"persons" subject to liability under Section 1983. See Arnold v.
Minner, 2005 U.S. Dist. LEXIS 12321 (D. Del. June 24, 2005);
Green v. Howard R. Young Corr. Inst., 229 F.R.D. 99, 102 (D. Del.
2005). Because the Delaware Department of Correction and the
Sussex Correctional Institution are entitled to immunity pursuant

4

to the Eleventh Amendment, the Court concludes that Plaintiff's claims against them must be dismissed.

     B.    Whether Plaintiff's Claims Against Dr. Burns, First Correctional Medical, and Warden Kearney For Breach Of Confidentiality Should Be Dismissed For Lack of Subject Matter Jurisdiction

A claim under Section 1983 requires that the plaintiff be deprived of a federally-secured right. Moore, 986 F.2d at 685. Plaintiff, however, alleges breach of confidentiality, a state law claim that does not arise under federal law or the Constitution. Thomas v. Larson, No. 00-999, 2001 U.S. Dist. LEXIS 1941, at *71 (E.D. Pa. 2001). Accordingly, the Court will dismiss Plaintiff's claims for breach of confidentiality against Dr. Burns, First Correctional Medical, and Warden Kearney for lack of subject matter jurisdiction.

     C.    Whether Plaintiff's Claims Against Dr. Burns, First Correctional Medical, and Warden Kearney For Failure To Provide Adequate Medical Treatment Should Be Dismissed As Frivolous

To successfully allege a Section 1983 action for failure to provide medical care in violation of the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference is demonstrated by "the deliberate deprivation of adequate medical care or the defendant's action or failure to act despite his or her knowledge of a substantial risk of serious

5

harm." <u>Pew v. Connie</u>, 1997 WL 717046, *4 (E.D. Pa. Nov. 14, 1997).  Further, to successfully bring a Section 1983 action against a private company that provides medical services to the State, the company's policies must be the "moving force" behind the constitutional violation, and the policies must demonstrate deliberate indifference to those deprived.  <u>Swan v. Daniels</u>, 923 F.Supp. 626, 633 (D. Del. 1995).

Accepting as true the factual allegations in Plaintiff's Complaint and drawing all reasonable inferences therefrom, the Court concludes that Plaintiff has stated claims for failure to provide adequate medical treatment against Dr. Burns, First Correctional Medical, and Warden Kearney sufficient to survive frivolousness screening.  Defendants had knowledge of Plaintiff's medical problems due to grievances filed, Plaintiff's appearance before the medical grievance board, and letters written to the Warden.  According to Plaintiff, Defendants have failed to act despite their knowledge.  Further, Plaintiff alleges that First Correctional Medical's staff as a whole has done nothing to help him despite its knowledge of the problems.  Accordingly, the Court concludes that Plaintiff's claims against Dr. Burns, First Correctional Medical, and Warden Kearney are not frivolous within the meaning of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

An appropriate Order will be entered.